IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JENNY GUADALUPE DIAZ : <br> 5404 Newby Ave : <br> Riverdale, MD  20737 : <br>  : <br> Plaintiff, : <br>  : <br> v. : <br>  : <br> FLORANATION, LLC : <br> Formerly d/b/a ELITE FLORAL & : <br> PRODUCE, LLC : <br> 3150-3160 V Street NE : <br> Washington, DC 20018 : <br>  : <br> Serve: : <br>     Corporate Service Company : <br>     1090 Vermont Avenue, NW : <br>     Washington, DC 20005 : <br>  : <br> EYAL BALVA : <br> 3150-3160 V Street NE : <br> Washington, DC 20018 : <br>  : <br>         and : <br>  : <br> UDI BALVA : <br> 19190 Colister Lake Lane : <br> Boca Raton, FL 33498 : <br>  : <br>         Defendants. : | Case No. |

## COMPLAINT

Plaintiff, Jenny Guadalupe Diaz ("Plaintiff" or "Diaz"), by and through her attorneys, Mary Craine Lombardo and Stein Sperling Bennett De Jong Driscoll PC hereby files her Complaint against FloraNation, LLC, formerly d/b/a Elite Floral & Produce LLC ("FloraNation"), Eyal Balva and Udi Balva (collectively "Defendants"), under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), the Maryland Wage & Hour Law ("MWHL"), Md. Code Ann., *Labor & Empl.*, § 3-401, *et seq.*, the Maryland Wage Payment and

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

3531816_2

Collection Law, Md. Code Ann., *Labor & Empl.* § 3-501, *et seq.* ("MWPCL"), and the D.C. Minimum Wage Act Revision Act of 1992, D.C. Code § 32-1001 *et seq*. ("DCMRRA"), stating as follows:

## INTRODUCTION

Defendants operate a commercial floral business servicing customers in Maryland, Northern Virginia, and the District of Columbia and have conducted business as Flowers by Daniel and Elite Floral. Diaz was employed by Defendants both in Maryland and in the District of Columbia.

This is an action for overtime wages arising from Defendants' willful failure and refusal to pay Diaz for overtime hours. Diaz worked fifty-five to sixty hours per week Monday through Saturdays and some Sundays, and was not fully compensated for the overtime hours she worked each week. Defendants willfully have violated the clear and well-established overtime provisions of the MWHL, the DCMWRA, and the FLSA. Diaz seeks compensatory and statutory damages for all unpaid overtime compensation as well as reasonable attorney's fees under the applicable statutes.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over the causes of action alleged in this Complaint pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. § 216.

2. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

3. Diaz is an adult resident of the State of Maryland.

4. FloraNation is a District of Columbia limited liability corporation with its principal place of business in the District of Columbia. Upon information and belief, FloraNation

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

3531816_2

is the successor in interest to a forfeited Maryland limited liability company, Flowers by Daniel, LLC, which operated under the name "Forever Blossoms." FloraNation previously operated in the District of Columbia as Elite Floral. Forever Blossoms and FloraNation are referred to herein as "FloraNation." FloraNation initially employed Diaz at its Landover, Maryland location.

5.   Eyal Balva and Udi Balva are the owners and managers of FloraNation, and/or its predecessor entities. Eyal Balva and Udi Balva managed the day-to-day operations of the business, supervised and managed Plaintiff or had the authority to do so, and made decisions relating to the rate and method of pay for employees of the business, or had the authority to do so.

6.   At all times material herein, FloraNation, in the aggregate and as a single enterprise, had annual gross volume of sales made or business done in an amount exceeding $500,000.

7.   FloraNation has at least two or more employees who are engaged in interstate commerce. FloraNation services clients and sold goods that traveled in Northern Virginia, Maryland, and Washington, D.C.  FloraNation also processes credit card transactions for customer payments and purchases products and equipment that moved in interstate commerce.

8.   At all times relevant, Defendants constituted an "enterprise" within the meaning of 29 U.S.C. § 203(r).

9.   At times during and/or throughout Diaz's employment, Defendants each were her "employer" for purposes of the FLSA, DCMWRA, MWHL, and MWPCL and Diaz was Defendants' "employee."

## FACTS

10.   Diaz worked for Defendants from June 2011 through June 2013.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

3

3531816_2

11. Diaz was paid at the initial regular hourly rate of $9.50 per hour.

12. Diaz's hourly rate was raised to $11.00 in 2012 and $12.00 in 2013.

13. Diaz worked an average of fifty-five to sixty hours per week from Monday through Saturday and some Sundays. Diaz was <u>not</u> paid one and a half times her regular wage for hours in excess of forty per week.

14. Diaz is owed approximately $2,161.38 in overtime wages for 2011.

15. Diaz is owed approximately $5,005.00 in overtime wages for 2012.

16. Diaz is owed approximately $2,730.00 in overtime wages for 2013.

17. Diaz is owed approximately $9,816.38 in overtime wages for 2011-2013.

18. Diaz is owed unpaid overtime wages that Defendants willfully failed and refused to pay to Diaz.

19. Diaz did not perform work that is exempt from the applicable statutes.

## COUNT I
(Violation of the Maryland Wage and Hour Law)

20. Diaz adopts herein by reference paragraphs 1 through 19 above as if fully set forth herein.

21. Defendants were required to pay to Diaz compensation at the rate of one and a half times her regular hourly rate for all hours worked in excess of forty hours per week. Md. Code Ann., *Labor & Empl.*, § 3-415.

22. While employed by Defendants, Diaz worked overtime hours that were not properly compensated by Defendants as required by the MWHL.

23. Unpaid overtime wages are due and owing to Diaz by Defendants.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

24.     Defendants' failure and refusal to comply with their obligations under the MWHL was willful and not in good faith.

WHEREFORE, Diaz respectfully requests this Honorable Court to enter judgment against Defendants, jointly and severally, and in favor of Diaz in an amount to be determined at trial, but not less than $9,896.38, and to grant to Diaz her reasonable attorneys' fees and costs and such other and further relief as the Court deems just and proper.

### COUNT II
(Violation of the Maryland Wage Payment and Collection Law)

25.     Diaz adopts herein by reference paragraphs 1 through 19 above as if fully set forth herein.

26.     The amounts owed to Diaz by Defendants for unpaid overtime constitutes "wages" under the MWPCL. Md. Code Ann., *Labor & Empl.*, § 3-501(c).

27.     Defendants were required to pay to Diaz compensation at the rate of one and a half times her regular hourly rate for all hours worked in excess of forty hours per week.

28.     While employed by Defendants, Diaz worked overtime hours that were not properly compensated by Defendants.

29.     Unpaid overtime wages are due and owing to Diaz by Defendants.

30.     Defendants' failure and refusal to comply with their obligations under the MWPCL was not due to any bona fide dispute, and was therefore willful and not in good faith.

WHEREFORE, Diaz respectfully requests this Honorable Court to enter judgment against Defendants, jointly and severally, and in favor of Diaz in an amount to be determined at trial, but not less than $29,689.14, which is approximately three times the wages owed, and to

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

grant to Diaz her reasonable attorneys' fees and costs and such other and further relief as the Court deems just and proper.

## COUNT III
(FLSA Overtime)

31. Diaz adopts herein by reference paragraphs 1 through 19 above as if fully set forth herein.

32. Defendants were required to pay Diaz compensation at the rate of one and a half times her regular hourly rate for all hours worked in excess of forty hours per week.

33. Defendants' actions complained of herein constitute a willful violation of Section 207 of the FLSA.

34. Unpaid overtime wages are due and owing to Diaz by Defendants.

35. Defendants' violation makes them liable to Diaz for all unpaid overtime compensation, and in addition equal amount as liquidated damages.

WHEREFORE, Diaz respectfully requests this Honorable Court to enter judgment against Defendants, jointly and severally, and in favor of Diaz in an amount to be determined at trial, but not less than $19,792.76, which is two times the wages owed, and to grant to Diaz her reasonable attorneys' fees and costs and such other and further relief as the Court deems just and proper.

## COUNT IV
(Violation of the DCMWRA)

36. Diaz adopts herein by reference paragraphs 1 through 19 above as if fully set forth herein.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

37. Defendants were required to pay to Diaz compensation at the rate of one and a half times her regular hourly rate for all hours worked in excess of forty hours per week. D.C. Code § 32-1003 (c).

38. While employed by Defendants, Diaz worked overtime hours that were not properly compensated by Defendants.

39. Unpaid overtime wages are due and owing to Diaz by Defendants.

40. Defendants' failure and refusal to comply with their obligations under the DCMWRA was willful and not in good faith.

WHEREFORE, Diaz respectfully requests this Honorable Court to enter judgment against Defendants, jointly and severally, and in favor of Diaz in an amount to be determined at trial, but not less than $19,792.76, and to grant to Diaz her reasonable attorneys' fees and costs and such other and further relief as the Court deems just and proper.

Respectfully submitted,

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

By:      /s/ *Mary Craine Lombardo*
Mary Craine Lombardo (#495881)
25 West Middle Lane
Rockville, Maryland 20850
(301) 340-2020
(301) 354-8126 – fax
mlombardo@steinsperling.com

*Attorneys for Plaintiff*

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020