UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JENNY GUADALUPE DIAZ<br><br>Plaintiff,<br><br>v.<br><br>FLORANATION, LLC,<br><br>EYAL BALVA, and<br><br>UDI BALVA<br><br>Defendants. | Case No. 1:14-cv-00839-RC |

**JOINT MOTION TO APPROVE FLSA SETTLEMENT AND IN SUPPORT OF THE JOINT REQUEST THAT THE COURT NOT DISCLOSE THE TERMS OF THE PARTIES' APPROVED SETTLEMENT AGREEMENT AND THAT THE COURT DISMISS THE CASE WITH PREJUDICE**

Plaintiff Jenny Guadalupe Diaz ("Plaintiff") and Defendants FloraNation (formerly d/b/a/ Elite Floral & Produce, LLC) and Eyal Balva (hereafter, "the settling Defendants")[1] jointly seek approval of their settlement of Plaintiff's claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and entry of a stipulated judgment. Since Plaintiff has filed claims under the FLSA, the settlement must be approved by the Court and approval must be entered as a stipulated judgment.

1.  An employee may only release claims for wages pursuant to the Fair Labor Standards Act ("FLSA") under the supervision of the Secretary of Labor or by court approval, and the parties must file the Settlement Agreement with this Court for approval. *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945); *Lynn's Food Stores, Inc. v. United*

---

[1] This Joint Motion is not brought on behalf of Defendant Udi Balva.

1

*States*, 679 F.2d 1350, 1353 (11th Cir. 1982); *Lopez v. NTI, LLC*, 748 F. Supp. 2d 471 (D. Md. 2010).

2. A settlement of an employee's FLSA claims should be approved "if the settlement does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute." *Lopez*, 758 F. Supp. 2d at 477 (internal citations omitted). Courts have recognized "a role for less-than-full-value compromise in the FLSA settlement process." *Id.* These compromises reflect many factors, including disagreements over the number of hours worked and the plaintiff's status as an exempt employee. *See id.*

4. The settlement here is a fair and reasonable resolution of the disputes. In reaching agreement, Plaintiff and the settling Defendants have taken into account the uncertainty and risks in litigation, as well as the costs that each party will incur if the litigation continues. They have concluded that it is in their mutual interest to resolve the litigation now in the manner set the manner set forth in the attached Settlement Agreement and General Release. (Submitted in camera, *see infra).*

5. The parties have reviewed Plaintiff's relevant time and pay records and other relevant documents, engaged in arms-length and good-faith negotiations, discussed the merits and probability of success of Plaintiff's legal arguments and the settling Defendants' legal defenses, and have reached mutually agreeable settlement agreements.

6. Plaintiff has been given an opportunity to review all documents in the settling Defendants' possession relating to her claims, considered the potential value of her claims, strongly considered the strength of the settling Defendants' defenses, and concluded that the proposed settlement provides a fair and reasonable resolution of her claims.

7. The settling Defendants support this result because it eliminates the uncertainties and risks of further litigation.

8. Moreover, Plaintiff understand that, by entering into the settlement agreement, and in consideration of the promises made by the settling Defendants as set forth therein, Plaintiff is agreeing (i) to dismiss her lawsuit with prejudice, and will be responsible for her own attorney's fees and costs, except as provided for under the agreement; and, furthermore (ii) to release and waive any and all causes of action, claims, demands, damages, attorney's fees, costs or charges that she may have had, under the Fair Labor Standards Act or otherwise, in connection with Plaintiff's employment prior to the date of the settlement agreement. Plaintiff acknowledges her decision to settle her lawsuit is voluntarily made of her own accord, without any pressure, coercion or undue influence by anyone. To ensure that the parties' settlement agreement is valid and enforceable, the parties jointly present the attached settlement agreement for the Court's review and approval.

9. Plaintiff and the settling Defendants request the Court maintain *in camera* the Parties' court approved "Confidential Settlement Agreement, Release and Waiver" and that the Court dismiss, with prejudice, the settling Defendants from the above-captioned action.

10. Because the Parties' agreement to preserve the confidentiality of their settlement was an integral provision of the Agreement, by preserving the confidentiality of the Agreement the Court will "secure the just, speedy and inexpensive determination" of this action. Fed. R. Civ. P. 1. Moreover, confidentiality of this matter is integral in preserving Plaintiff's position in continuing her claims against (and any potential resolution thereof) with the unsettling Defendant Udi Balva.

11. There is nothing uncommon about a Court approving an FLSA settlement and dismissing claims after reviewing a settlement agreement *in camera* or under seal. Numerous federal courts, including one recently involving the very same defendants, have followed the exact procedure proposed in this case (*in camera* review) or have allowed the parties to file the terms of their settlement under seal, or with the settlement amount redacted. *See Jose Hernandez and Ana Marie Mejia v. Elite Floral & Produce, LLC, et al.*, Case No. 1:13-cv-01095 (Wilkins, R.) (permitting parties to submit FLSA settlement agreement under seal for approval because of confidentiality provision contained in agreement and un-served defendant); *see also Tawamba v. Challenger Transport., Inc.*, No. 8:10-cv-02733-AW (D. Md. 2011) (Williams, J.) (approving settlement of FLSA claims after conducting telephonic fairness hearing and without publicly disclosing terms of settlement); *Collis v. Bank of America N.A.*, 2010 WL 2892559, at *1 n. 1 (D. Md. 2010) (Messitte, J.) (granting parties' motion to seal details of settlement of FLSA claim); *Howell v. Dolgencorp, Inc.*, Civ. Act. 2011 WL 121912, at *3 (N.D. West Va. Jan. 13, 2011) (Bailey, J.) (approving settlement and dismissing FLSA claims after conducting *in camera* review of settlement agreement); *Patterson v. Richmond School of Health & Tech., Inc.*, 2010 WL 4902046, at *1 (E.D. Va. 2010) (Lauck, Mag. J.) (recommending approval of settlement of FLSA claim and dismissal of action after reviewing settlement agreement *in camera*) *adopted*, 2011 WL 4918704, at *1 (E.D. Va. 2010) (Spencer, J.); *Cruz v. H&R Block Eastern Enterprises, Inc.*, No. 1:11-CV-21036 (S.D. Fla. 2011) (Jordon, J.) (approving FLSA settlement and dismissing claims after conducting *in camera* review of settlement agreement; *Brune v. JPL Advisors, Inc.*, No. 8:11-cv-244-T-24-TBM (M.D. Fla. 2011) (Bucklew, J.) (approving settlement of FLSA claim after permitting parties to submit settlement agreement for *in camera* review); *Medley v. American Cancer Society*, No. 10 Civ. 3214(BSJ), 2010 WL 3000028, at *1

(S.D.N.Y. July 23, 2010) (Jones, J.) (approving settlement of FLSA claims after terms of settlement were filed *in camera*); *Dillworth v. Case Farms Processing, Inc.*, 2010 WL 776933, at *2, 6 (N.D. Ohio March 8, 2010) (Lioi, J.) (approving settlement of FLSA claims and noting that settlement agreement was filed under seal); *Johnson v. WellPoint, Inc.*, 1:06-cv-02430-ODE (N.D. Ga. Sep. 2, 2009) (Evans, J.) (approving stipulation of settlement approval submitted under seal and dismissing with prejudice plaintiffs' claims); *Fredereksen v. ADM Milling Co.*, No. 06-cv-0113-GLS-DRH (N.D.N.Y. Nov. 6, 2007) (Sharpe, J.) (approving settlement without entering terms of settlement on record); *Belcher v. CHA Companies, Inc.*, Civ. No. 3:10-cv-420, 2011 U.S. Dist. Lexis 39063 (E.D. Va. 2011) (Lauck, M.J.) (recommending that court grant joint motion to approve settlement and dismiss FLSA claim after conducting *in camera* review of settlement agreement).

WHEREFORE, Plaintiff and the settling Defendants request the Court (i) not disclose publicly the terms of the parties' Agreement, and (ii) dismiss the settling Defendants from the above captioned action with prejudice.

Respectfully submitted,

| | |
|---|---|
| By:   /s/ S. Libby Henninger<br>Joshua B. Waxman (Bar No. 482135)<br>S. Libby Henninger (Bar No. 976352)<br>LITTLER MENDELSON, P.C.<br>1150 17th Street, N.W., Suite 900<br>Washington, D.C. 20036<br>202.842.3400 (telephone)<br>202.842.0011 (facsimile)<br>jwaxman@littler.com<br>lhenninger@littler.com<br><br>*Counsel for Defendants*<br>*FloraNation, LLC and Eyal Balva* | By:   /s/Mary Craine Lombardo<br>Mary Craine Lombardo<br>STEIN SPERLING BENNETT,<br>DEJONG, & DRISCOLL P.C.<br>25 West Middle Lane<br>Rockville, MD 20850<br>(301) 340-2020<br><br><br><br><br><br>*Counsel for Plaintiff* |
| Date:  October 1, 2014 | Date:  October 1, 2014 |

## CERTIFICATE OF SERVICE

I hereby certify that, on October 1, 2014, I electronically filed the foregoing Joint Motion to Approve FLSA Settlement using the CM/ECF system, which will then send notification of such filing (NEF) to the following:

>Mary Craine Lombardo
>STEIN SPERLING BENNETT, DEJONG, & DRISCOLL P.C.
>25 West Middle Lane
>Rockville, MD 20850
>(301) 340-2020
>
>Counsel for Plaintiff

>*/s/ S. Libby Henninger*
>
>S. Libby Henninger